**From:** Tamara Rubin tamararubin@mac.com
**Subject:** TIME SENSITIVE, CORRECTIONS: Response to Request Extension Response to Complaint; Spiroachaete Research Labs, LLC, et al. v. Rubin, et al.No. 2:25-cv-02124-NJC-ST
**Date:** September 16, 2025 at 10:55
**To:** Choudhury_Chambers@nyed.uscourts.gov
**Cc:** Tamara Rubin tamararubin@mac.com, Mark Mullineaux MMullineaux@srstlaw.com
**Bcc:** Len Rubin lenrubin@mac.com

*** Filed 17 Sep. 2025 06:24 PM, U.S.D.C., Eastern District of New York

RECEIVED September 18, 2025 PRO SE OFFICE

Dear Judge Choudhury,

I would like to start by acknowledging the communication from Bryan Morabito at this morning, requesting that Mr. Mullineaux file his request formally via ECF.

As I am still communicating Pro Se (and have signed up for the ECF system, but have not yet been able to figure out how to upload a document there), I am responding via email (for the record, to be timely), and will continue to try to figure out how to submit this communication via ECF (it is just about 10:50 a.m. here, so 4:50 p.m. in New York, and the time difference is presenting a bit of a challenge to workability as I have had some difficulty reaching a person on the phone to sort out the ECF Filing process with me. Thank you for your patience.

**RESPONSE TO POINTS IN MR. Mullineaux's email earlier today:**

In Mr. Mullineaux's email communication with you earlier today (below) Mr. Mullineux made several misstatements of fact and I am herby writing to correct them. These misstatements and misrepresentations of fact are consistent with our concerns about the integrity of his practice noted in my earlier email to you.

1. **Correction**: My first email to you that he is referencing in the first sentence of his letter below was not from September 1, but was from September 9, 2025.

2. **Point of Note:** While Mr. Mullineaux states he received the emails "Last night at 11:23 PM", I do want to note that we sent them to him at 5:20 p.m. our time, as we are currently in a different time zone (6 hour time difference).

3. **Correction**: Mr. Mullineux states that we "*evaded service*" on April 16th "*despite attempts being made at the correct address*". This is entirely untrue.

- We were out of the country at the time and did not return to our address Oregon until Mid-May. The Plaintiff (and by association, his attorney) knew we were out of the country at the time (as we travel every winter and early Spring for work and post extensive details of this publicly for our business on our website and social media channels, which are followed very closely by the Plaintiff — as can be demonstrated in court if necessary).
- While we never "evaded service", we assert that it is more likely that Mr. Mullineux intentionally chose to serve us at a time and date when he knew (from his client) that we were not in the country in an attempt to expedite a default judgement in the case. [Again - a concern for the integrity of Mr. Mullineaux's practice].
- We were also told by multiple attorneys we spoke with in the Spring that this initial attempt at service was entirely improper for multiple reasons.
- One of those attorneys who was considering taking our case at that time (but who ended up not having availability in his schedule) also communicated this concern with Mr. Mullineaux.

4. **Correction**: Mr. Mullineaux states that "The Complaint Was Served" on July 10, 2025. The correct fact is that the complaint was again improperly served in July.

- We were home at the time of service on July 10, 2025.
- The process server stood on the sidewalk outside our home pacing for about 30 minutes and waited for us to go inside before improperly serving us (again) by taping documents to the side of our house.
- He did not knock on the door or attempt to hand the paperwork to us.
- We communicated with Mr. Mullineaux that we had concerns about the validity of this method of service, but that we intended to respond.

5. **Correction**: Mr Mullineaux states that "Defendants have not stated any particular reason why counsel cannot be found". This is not correct or true.

- In my communications I have clearly stated that - of the 16 attorneys we have been connected with via referrals - most of whom we have spoken with on the phone (or had email exchanges with) they have stated the following reasons for not being able to take the case:
    - 1) they are not available at this time (primarily because of the summer vacations, and lighter work loads over the summer),
    - 2) the case is not in their area of law,
    - 3) the case is not in their geographic jurisdiction,
    - 4) they don't take cases of this size.
    - Note: each attorney has - in turn - offered referrals, who have been called with similar results.
- I also clearly stated that I do not live in New York and my business does not operate in New York (I live - and work out of my home office - in Portland, Oregon) so do not have any personal direct connections to appropriate attorneys in the area (a compounding factor making finding representation challenging).
- I have also stated (clearly) that we did find one attorney who said he would be available to discuss the case only "after the 15th of September", and I expect to be speaking with this one interested (and possibly available) attorney in a follow up conversation this week (we emailed him yesterday 9/15 to check in, and will do so again today).

6. **Point of Note:** Conversely (to point 5 above) Mr. Mullineux did not state any reasonable reason for *not granting* us reasonable additional time (only indicating that he did not want to charge his client for the time) and instead (in some sort of odd possibly power play, reinforcing our concerns for his integrity as a lawyer), offered to give us time to respond only until the day BEFORE the lawyer we have found had said his schedule would be open to begin to review the case and consider taking us on as a client.

7. **Point of Note:** Defendants have requested a reasonable minimum extension of time. The Defendant is Jewish. The Jewish High Holidays begin September 22, 2025 through October 2, 2025. October 13, 2025 is a federal holiday. Given these interruptions in the calendar in the coming month, an extension to October 15th is reasonable and fair, however an extension to a later date (I have suggested November 11th or December 11th), would grant me appropriate additional time to both find a lawyer and grant that lawyer reasonable time to review the case and respond).

Thank you for your consideration in this matter Judge Choudhury.

I look forward to hearing from you.

I will also attempt to file this via ECF (& will call Mr. Morabito to see if this is required under the circumstances).

Tamara Rubin
Owner - Lead Safe Mama, LLC
www.LeadSafeMama.com
@LeadSafeMama
tamararubin@mac.com

> On Sep 16, 2025, at 09:10, Mark Mullineaux <MMullineaux@srstlaw.com> wrote:
>
> Dear Judge Choudhury,
>
> We represent the Plaintiffs in the case referred to above. This email responds to the Defendants' 3 emails dated September 1, September 10, and September 11, 2025, requesting further extension to respond to the complaint. Last night at 11:23 PM, I received copies of all three emails from Ms. Rubin for the first time.
>
> Our position is that if the Court is inclined to grant another extension, the length of the extension should short – perhaps the end of this month. Defendants have already delayed the process of this case.
>
> These are dates in the case:
>
>> 4-16-25 Complaint filed. Thereafter, Defendants evaded service despite attempts being made at the correct address of Defendants.
>>
>> 7-10-25 The complaint was served on Defendant Lead Safe Momma, LLC through the Oregan Secretary of State
>>
>> 7-10-25 The complaint was served on Defendant Ms. Rubin.
>>
>> 7-16-25 Affirmations of Service were filed with the Court for both Defendants.
>>
>> 8-4-25 Joint Motion for Extension of Time was filed requesting an extension to September 5, 2025. The Motion was granted.
>
> Defendants have not stated any particular reason why counsel cannot be found. The Complaint was served on July 10, 2025 and it is now September 16, 2025, more than 2 months later. On August 4, 2025 Defendants agreed to an extension to September 5, 2025. Plaintiffs suggest that an extension be granted only if Defendants represent to the Court that Defendants have hired an attorney to represent them and that Defendants will file a response within the new deadline.
>
> Respectively submitted,
>
> William Mark Mullineaux

William Mark Mullineaux
Salmon Ricchezza Singer & Turchi LLP
Licensed in New York and Pennsylvania
Cell: 610-291-3850

110 East 59th Street
22nd Floor
New York. NY 10022

1601 Market Street, Suite 2500
Philadelphia, PA 19103

CONFIDENTIALITY STATEMENT. If you are not the intended recipient of this communication, please notify us immediately at (215) 606-6600 or via email at www.srstlaw.com.  The information contained in this communication, including attachments, may represent non-public information intended exclusively for the designated recipient(s). The information may be strictly confidential and/or protected legally by the attorney/client privilege and/or or other legally recognized privileges as well.  If the reader or recipient of this communication is not the intended recipient, or you believe that you have received this communication in error, please take notice that any dissemination, distribution, or copying of this communication is strictly prohibited.

**From:** Tamara Rubin tamararubin@mac.com
**Subject:** FYI: 3 emails sent to Judge Choudhury's Attention, Civil Action No. 2:25-cv-02124-NJC-ST
**Date:** September 15, 2025 at 17:20
**To:** Mark Mullineaux mmullineaux@srstlaw.com
**Cc:** Tamara Rubin tamararubin@mac.com
**Bcc:** Len Rubin lenrubin@mac.com

Emails sent September 9, 10, & 11 (confirmation of fedex of first two emails), re: Civil Action No. 2:25-cv-02124-NJC-ST.

Tamara Rubin



email 1 - september 9.pdf

email 3 - September 11.pdf
49 KB

email 2 - September 10.pdf

**From:** Tamara Rubin tamararubin@mac.com
**Subject:** Time Sensitive: Letter to Judge Choudhury re: Request for Extension of Time To Respond, Civil Action No. 2:25-cv-02124-NJC-ST
**Date:** September 11, 2025 at 09:57
**To:** Choudhury_Chambers@nyed.uscourts.gov
**Cc:** Tamara Rubin tamararubin@mac.com

September 11, 2025

Hello,

Dear Judge Choudhury,

Today we called your office several times to try to speak with the clerk to determine if it would be required to send you paper copies of our email communications from September 9th, & 10th, given there is some ambiguity with our situation as we do not yet have representation in this matter and the suit is against both me personally and my business.

We left a message for a return call on the Pro Se voicemail for the court (this was the only voicemail we could find in the phone tree) and were otherwise not able to get through to a person to ask our questions.

To be certain that you would receive these two communications (emailed yesterday and the day before) we Fedexed paper / printed copies of these emails (total is four pages) for you to receive them tomorrow (Friday, September 12th). A copy of the Fedex Receipt is attached.

Thank you so much for your patience with this process, given we are operating a bit blind as we do not yet have representation and we are not entirely familiar with the nuances of the legal process related to this matter.

Sincerely,



MRIKP00710264.pdf
217 KB

Tamara Rubin
Owner - Lead Safe Mama, LLC
www.LeadSafeMama.com
@LeadSafeMama
tamararubin@mac.com

To whom it may concern:
Regarding: Time Sensitive Communications Related to Request For Additional Time to Respond for Case 25-cv-02124

When we go to the court's website and click the "Pro Se Forms and Instructions" section, it resolves to this URL and this page, stating that the URL cannot be found. Note Date and Time of this screen capture (upper right). We have attempted this many times with the same results.

As a result for case: 25-cv-02124 - since I cannot access forms and instructions via your website (as I have been instructed to do), I have simply uploaded the email communications to date to the judge and opposing counsel. Opposing counsels has received all of these documents. I will also be sending one more communication today in reponse to opposing counsels filing today & will upload that to the portal as well - in spite of not being able to access the pro se forms and instructions to do so.

I appreciate your understanding in this matter - specifically regarding any breach of protocol as I am doing the best I can with the resources available (as technical roadblocks like this one present themselves).

Tamara Rubin
TamaraRubin@mac.com
7933 SE 15th Avenue
Portland, Oregon 97202
415-609-3182

*** Filed 06:38 PM, 17 Sep, 2025 U.S.D.C., Eastern District of New York ***