UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ERIC RITTER, ET AL                                   Case No. 25-cv- 2124
                Plaintiffs,
    v.


TAMARA RUBIN, ET AL,

                Defendants.

_____


### ANSWER AND COUNTERCLAIM

COME NOW the Defendants (the "Defendants"), through the undersigned attorneys, and answer the Complaint as follows:

1. Deny the allegations contained in paragraph 1 of the Complaint.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Admit the allegations contained in paragraph 5 [sic] of the Complaint.

8. Admit the allegations contained in paragraph 6[sic] of the Complaint.

9. Deny the allegations contained in paragraph 7 of the Complaint.

10. Admit Plaintiff is domiciled in the District but deny the remaining allegations contained in paragraph 8 of the Complaint.

## COUNT 1

11. Repeat responses to allegations reincorporated by reference.

12. Deny the allegations contained in paragraph 10 of the Complaint and refer the Court to the referenced Agreement.

13. Deny the allegations contained in paragraph 11 of the Complaint.

14. Deny the allegations contained in paragraph 12 of the Complaint and refer the Court to the referenced Agreement.

15. Deny the allegations contained in paragraph 13 of the Complaint as Plaintiffs merely stated they would not conform their products to the requirements of the agreement.

16. Denies the allegations contained in paragraph 14 of the Complaint.

17. Deny the allegations of paragraph 15 of the Complaint.

18. Deny the allegations contained in paragraph 16 of the Complaint.

## COUNT 2

19. Defendants repeat their response to the allegations contained in Paragraph 17 of the Complaint.

20. Deny the allegations contained in paragraph 18 of the Complaint, as it misstates the terms of the agreement.

21. Deny the allegations contained in paragraph 19 of the Complaint.

## COUNT 3

22. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 19 of the Complaint.

23. Deny the allegations contained in paragraph 21 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

26. Admit the allegations contained in paragraph 24 of the Complaint.

27. Deny the allegations contained in paragraph 25 of the Complaint.

28. Deny the allegations contained in paragraph 26 of the Complaint but states that if Plaintiffs consideration in the agreement was the basis stated herein, there is no claim for breach of contract.

29. Admit the allegation contained in paragraph 27 of the Complaint that Plaintiff corporation hired Defendant corporation.

30. Deny the allegations contained in paragraph 28 of the Complaint.

31. Deny the allegations contained in paragraph 29 of the Complaint.

32. Admit that communications were exchanged between the parties as alleged in paragraph 30 of the Complaint.

33. Deny knowledge or information sufficient to form a belief regarding Plaintiff Ritter's state of mind as alleged in paragraph 31.

34. Admit that Defendants maintain a website with certain information, but deny the remainder of the allegations contained in paragraph 32.

35. Admit the allegations contained in paragraph 33.

36. Admit that Defendant corporation was contracted by Plaintiff corporation for certain services, but deny the remainder of the allegations contained in paragraph 34.

37. Admit the allegations contained in paragraph 35 of the Complaint.

38. Deny the allegations of paragraph 36 of the Complaint except admit that Plaintiffs believe advertising services can lead to improvement in sales.

39. Deny the allegations contained in paragraph 37 of the Complaint.

40. Deny the allegations contained in paragraph 38 of the Complaint.

41. Deny the allegations contained in paragraph 39 of the Complaint.

42. Deny the allegations contained in paragraph 40 of the Complaint.

43. Deny the allegations contained in paragraph 41 of the Complaint.

44. Deny the allegations contained in paragraph 42 of the Complaint.

45. Deny the allegations contained in paragraph 43 of the Complaint.

46. Deny the allegations contained in paragraph 44 of the Complaint.

47. Deny the allegations contained in paragraph 45 of the Complaint.

48. Deny the allegations contained in paragraph 46 of the Complaint.

49. Deny the allegations contained in paragraph 47 of the Complaint.

50. Deny the allegations contained in paragraph 48 of the Complaint.

51. Deny the allegations contained in paragraph 49 of the Complaint.

52. Deny the allegations contained in paragraph 50 of the Complaint.

53. Deny the allegations contained in paragraph 51 of the Complaint.

54. Deny the allegations contained in paragraph 52 of the Complaint.

## COUNT 4

55. Defendants repeat and reallege their responses to the allegations contained in paragraph 53 of the Complaint.

56. Deny the allegations contained paragraph 54 of the Complaint.

57. Deny the allegations contained in paragraph 55 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint is barred by the doctrines of laches, acquiescence, estoppel and waiver.

2. The Plaintiff has unclean hands and committed fraud.

3. Plaintiff is not entitled to relief because he sought unlawful actions.

4. The Complaint fails to state a claim for relief.

5. Setoff in excess of the amount of the claim due to Plaintiffs defamation of Defendants would preclude recovery by Plaintiffs.

6. Venue is not proper in this District and this action should be transferred to the appropriate federal district court in Oregon.

The Defendants reserve the right to amend or modify the Answer to the Complaint.

WHEREFORE, the Defendants respectfully request that this Court dismiss the Complaint in this action, together with such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury of all issues so triable.

Date: October 21, 2025

ADWAR IVKO LLC

Attorneys for Defendants

By: /Armando Llorens/

Armando Llorens
225 W 34th St, Floor 9,
New York, New York,
10122
Tel: (212) 725-1818
armando@adwarivko.com