UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eric Ritter and Spirochaete Research Labs, LLC,<br><br>Plaintiff,<br><br>-v-<br><br>Tamar Rubin and Lead Safe Mama, LLC,<br><br>Defendant, | 2:25-cv-2124<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiffs Eric Ritter and Spirochaete Research Labs, LLC ("Spirochaete," and together "Plaintiffs") bring this action against Defendants Tamara Rubin and Lead Safe Mama, LLC ("Lead Safe Mama," and together "Defendants"). (Compl., ECF No. 1.) The Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). On October 24, 2025 the Court issued an Order requiring Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 21.) Plaintiffs responded with a Motion to File an Amended Complaint (the "Motion") (Mot., ECF No. 23).

Plaintiffs' Motion fails to establish that this Court has diversity jurisdiction. It also fails to show that jurisdictional discovery is warranted. Accordingly, the Complaint is dismissed without prejudice to refiling in the proper forum for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether it possesses subject matter jurisdiction over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity

jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

The requirement that the citizenship of a limited liability ("LLC") company be established by the citizenship of *each* of its individual members is also "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 619. Indeed, the Second Circuit has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued in federal court under diversity jurisdiction." *Id*. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert.*, LLC, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Therefore, in order to establish diversity jurisdiction, the plaintiff "must identify each member of the LLC and properly plead each member's citizenship." *Id.* at 180; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" who their members are).

"A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003);

3

*Parker v. Bursor*, No. 24-cv-0245, 2024 WL 4850815, at *3 (S.D.N.Y. Nov. 21, 2024) ("District courts enjoy broad discretion in deciding whether and to what extent to permit jurisdictional discovery."). The Second has recognized that when permitting jurisdictional discovery to determine the citizenship of an LLC, the district court's "discretion should be exercised with caution." *Platinum-Montaur*, 943 F.3d at 618; *see also Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2021) ("Such discretion has to be carefully exercised" and "introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided if possible" because litigation "can be complex enough" without litigation "just to get to square one . . . the existence of diversity."). Moreover, "conclusory non-fact-specific jurisdictional allegations are not sufficient to justify jurisdictional discovery." *Parker*, 2024 WL 4850815, at *3.

## DISCUSSION

Plaintiffs have established that the amount in controversy exceeds $75,000 for the reasons set forth in the Order to Show Cause. (Order to Show Cause at 4.) Plaintiffs' Motion also establishes that Plaintiffs Eric Ritter and Spirochaete Research Labs, LLC are citizens of New York because Plaintiffs submit an affidavit in which Ritter attests that he is the sole member of Spirochaete Research Labs, LLC, is registered to vote in New York, holds a New York driver's license, resides in New York, and has other indicia of New York domicile. *See* ECF No. 23-2; *Platinum-Montaur*, 943 F.3d at 619 (the citizenship of an LLC is established by the citizenship of *each* of its individual members); *Lever*, 2021 WL 302648, at *7 (courts consider the residence, voting registration, and driver's license of an individual, amongst other evidence, when determining an individual's domicile). However, Plaintiffs have failed to establish the citizenship of Defendants Rubin and Lead Safe Mama. Moreover, Plaintiffs request for jurisdictional discovery is denied.

4

I.      **Citizenship of Tamara Rubin**

First, Plaintiffs have failed to submit sufficient evidence by sworn affidavit establishing the citizenship of Rubin. Plaintiffs allege in their proposed Amended Complaint that Rubin is domiciled in Oregon because the Complaint alleges that she resides at an address in Portland, Oregon and Defendants' Rule 7.1 Statement states, "DEFENDANTS are citizens of the State of Oregon and domiciled in the State of Oregon." (ECF No. 23 (quoting ECF No. 22).) Plaintiffs also submit the affidavit of Plaintiffs' counsel William Mullineaux (the "Mullineaux Affidavit") in which Mullineaux attests to Rubin's residence in Portland, Oregon and to the fact that Lead Safe Mama's Annual Report identifies Rubin's address as an address in Portland, Oregon. (ECF No. 23-3.)

As set forth in the Court's Order to Show Cause, allegations that Rubin is an Oregon citizen based solely on her residence, without addressing domicile are insufficient to establish Rubin's citizenship. *See Van Buskirk*, 935 F.3d at 54 (holding that allegations of residency alone are insufficient to establish citizenship for diversity jurisdiction purposes). Defendants' Rule 7.1 Statement does not remedy this deficiency because its allegation that "DEFENDANTS are . . . domiciled in the State of Oregon" is conclusory and not supported by particularized facts. *See* ECF No. 22; *Platinum-Montaur Life Scis.*, 943 F.3d 613, 617–18 (holding that the Court "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence"). The Order to Show Cause also made clear that Plaintiffs are required to show "in writing, with *all facts* established through sworn affidavit" that jurisdiction exists. (Order to Show Cause at 1 (emphasis added).) Because Plaintiffs have failed to do so, they have not established the citizenship of Rubin.

## II. Citizenship of Lead Safe Mama, LLC

Second, Plaintiffs have failed to establish the citizenship of Lead Safe Mama. Plaintiffs submit the following evidence in support of Lead Safe Mama's citizenship:

1. Defendants' Rule 7.1 Statement states that "DEFENDANTS are citizens of the State of Oregon and domiciled in the State of Oregon." (ECF No. 23 (quoting ECF No. 22).)

2. Mullineaux attests that that he "talked to counsel for Defendants and [counsel] stated that **all members** of LEAD SAFE MAMA LLC are citizens of the State of Oregon and domiciled in the State of Oregan." (Mullineaux Aff. ¶ 3 (emphasis in original).)

3. Mullineaux attests that public records from the Oregon Secretary of State's corporate division provide that Lead Safe Mama's principal place of business is in Portland and that Rubin is the registered agent and manager of Lead Safe Mama. (*Id.* ¶¶ 5–6.) Mullineaux also attests that Lead Safe Mama's Amended Annual Report establishes these same facts. (*Id.* ¶ 7.)

Plaintiffs argue that with these first "two admissions," Lead Safe Mama "is a citizen of Oregon." (ECF No. 23 at 2.)

Plaintiffs' submission remain deficient, however, because "parties may not confer subject matter jurisdiction on the court by consent." *Platinum-Montaur*, 943 F.3d at 618 n.4.

The specific "admissions" made by Defendants are also inadequate to establish Lead Safe Mama's citizenship. As noted, Defendants' conclusory assertion that Defendants are "citizens of the State of Oregon" is insufficient to establish the citizenship of Rubin or Lead Safe Mama. *See* ECF No. 22; *Platinum-Montaur*, 943 F.3d at 617–18. Mullineaux's attestation that Defendants' counsel told him that Lead Safe Mama's members are all citizens of Oregon is similarly conclusory. (*See* Mullineaux Aff. ¶ 3.) It does not identify the number of Lead Safe Mama members or their identities, much less the factual perquisites for establishing the citizenship of each member. *See Platinum-Montaur*, 943 F.3d at 618 (reasoning that the Second Circuit has remanded cases where a notice of removal "did not list [an LLCs] members or their citizenship"). For example, based on Plaintiffs' submission, it remains unclear whether Rubin is

6

a member of Lead Safe Mama. Therefore, I may not "speculate on the citizenship" of Lead Safe Mama "in the complete absence of any evidence" supporting the conclusory assertions made by Defense counsel to Mullineaux. *Id.*

Mullineaux's attestations regarding Lead Safe Mama's principal place of business, registered agent, and manager are similarly inadequate because none of these attestations relate to Lead Safe Mama's *members*. *Id.* Mullineaux attests that he "searched to locate further information" and has been "unsuccessful" because additional "information related to jurisdiction is not public." (Mullineaux Aff. ¶¶ 4, 8.) However, as set out above and in the Court's Order to Show Cause, the Second Circuit has acknowledged that this the lack of public information regarding LLCs may make it difficult for them "to sue or to be sued in federal court under diversity jurisdiction." *Platinum-Montaur*, 943 F.3d at 619; *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022) (acknowledging that "the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves a limited liability company"); *see also* Order to Show Cause at 3. But "that is the way Congress wants it," *Kenshoo*, 586 F. Supp. 3d at 181, and even though "[p]ublic filings for LLCs generally do not disclose" who their members are, this does not excuse Plaintiffs from the requirement that each member of an LLC must "be specifically identified and its citizenship alleged" in order to show the LLC's citizenship. *Beristain*, 2025 WL 524660, at *1.

As a result, a district court in this situation has "two options." *Platinum-Montaur*, 943 F.3d at 618. It can conclude that the parties have failed to "allege complete diversity" or it can "exercise[] its discretion" and order jurisdictional discovery, leading to a further analysis of

7

diversity jurisdiction. *Id.* I now turn to a consideration of Plaintiffs' request for jurisdictional discovery.

### III. Jurisdictional Discovery

Plaintiffs request permission "to take limited discovery on citizenship and domicile of the Defendants" in the event that this Court concludes that their submissions fail to establish Defendants' citizenship. (Mot. ¶ 13.) However, Plaintiffs have not submitted sufficient evidence to warrant jurisdictional discovery.

As explained above, Plaintiffs allegations related to Lead Safe Mama's citizenship are "conclusory [and] non-fact specific" because Mullineaux attests only that Defendants' counsel told him that all Lead Safe Mama's members are citizens of Oregon. *Parker*, 2024 WL 4850815, at *3 ("[C]onclusory non-fact-specific jurisdictional allegations are not sufficient to justify jurisdictional discovery."); *see also* Mullineaux Aff. ¶ 3. As a result, although Plaintiffs request "limited discovery," they leave the Court to speculate as to the number of members that make up Lead Safe Mama, the identities of those members, and what facts would be needed to determine the citizenship of those members and, thereby, the citizenship of Lead Safe Mama. (*See* Mot. ¶ 13.) Moreover, even though Defendants appear to suggest that Lead Safe Mama's members may be citizens of Oregon—albeit without providing any information about the number or identities of such members—such a suggestion fails to support a request for jurisdictional discovery. For example, in *Platinum-Montaur*, the plaintiff LLC told the district court that it was "willing to consent to federal jurisdiction" and that discovery would "likely allow the court to determine its citizenship." 943 F.3d at 618 & n.4. Nonetheless, the Second Circuit left to the district court's discretion whether to remand the case to the state court because parties may not consent to federal jurisdictional. *Id.*

8

Here Plaintiffs have not shown that this Court should exercise its "broad discretion" to permit jurisdictional discovery. *Parker*, 2024 WL 4850815, at *3. Accordingly, Plaintiffs' request for jurisdictional discovery is denied.

## CONCLUSION

Plaintiffs have failed to establish that the parties to this action are completely diverse, as is required for jurisdiction under 28 U.S.C. § 1332(a). They have also failed to show that jurisdictional discovery is warranted. This action is therefore dismissed without prejudice to refiling in the proper forum for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P.

Dated: Central Islip, New York
December 9, 2025

                                                     */s/ Nusrat J. Choudhury*
                                                     NUSRAT J. CHOUDHURY
                                                     United States District Judge